Filed 5/12/21  P. v. Ricks CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICKY RICKS,<br><br>Defendant and Appellant. | F078958<br><br>(Fresno Super. Ct. No. F16906805)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Timothy Kams, Brant K. Bramer, Wayne R. Ellison, James Petrucelli, and Gary D. Hoff, Judges.[†]

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California for Plaintiff and Respondent.

-ooOoo-

[*] Before Franson, Acting P.J., Meehan, J. and De Santos, J.

[†] Judge Kams presided over the August 7, 2017, *Marsden* hearing; Judge Bramer presided over the January 11, 2017, *Marsden* hearing; Judge Ellison presided over the February 16, 2018, *Faretta* motion and *Marsden* hearing; Judge Petrucelli presided over the trial; and Judge Hoff presided over the sentencing hearing.

## INTRODUCTION

Appellant and defendant Ricky Ricks was convicted of second degree robbery and sentenced to the second strike term of 16 years in prison. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

Around 8:30 p.m. on November 9, 2016, Daniel Awes-Taylor was working at Food Maxx on Fresno Street when defendant walked in through the exit doors. Mr. Awes-Taylor was familiar with defendant because of "prior incidents" with him. Mr. Awes-Taylor immediately notified Gerardo Fernandez, the store's security guard, that defendant was not supposed to be in the store and asked for his help.

Mr. Awes-Taylor followed defendant and saw him stuffing into his jacket two bright yellow, family-sized trays of a thick-cut of meat, that he believed was raw tri-tip. Mr. Awes-Taylor started recording defendant on his cell phone.

Mr. Fernandez testified he could see the slab of meat sticking out of defendant's jacket. He approached defendant and asked him to either pay for or return the items. Defendant seemed surprised, but he did not respond and walked towards the exit at a fast pace.

As defendant approached the exit, Mr. Awes-Taylor could see the meat packages sticking out of his jacket, and he tried to grab them. Defendant pulled a knife from his left pants pocket, held it in front of him, and pointed it toward Mr. Awes-Taylor. Mr. Awes-Taylor felt panic and fear when he saw the knife and did not notice whether the blade was extended.

Mr. Awes-Taylor threw up his hands and told defendant, "[O]h, you are going to pull a knife." He thought he was in real danger, and immediately backed away from defendant and stopped recording the incident. Mr. Awes-Taylor watched defendant

quickly walk into the parking lot. Mr. Awes-Taylor called the police and reported the incident.

Mr. Fernandez saw defendant pull the knife, and testified that the blade was "half extended, like he was about to pull it out." Defendant made a thrusting gesture with his hips, like "when someone is about to thrust." Mr. Fernandez advised everyone to step back and let defendant leave. Defendant walked out of the store, and the meat package was still sticking out of his jacket. Mr. Fernandez followed defendant into the parking lot and told him not to come back to the store, and he did not want him on the property.

At 8:52 p.m., Fresno Police Officer Jason Laird responded to the store and spoke with Mr. Awes-Taylor and Mr. Fernandez about the incident; he reviewed the cell phone footage of defendant in the store.

Around midnight, Officer Laird was driving around the area and saw defendant sitting at a bus stop across the street from Food Maxx.

Officer Laird and his partner stopped their patrol car, contacted defendant, and asked him to identify himself. Defendant said he was "Rich Richardson" and gave a false birthdate; the information did not return any results in the system. Officer Laird asked Mr. Awes-Taylor to respond to the area and look at the suspect. Mr. Awes-Taylor walked across the street and identified defendant.

Officer Laird found a small folding knife in defendant's pants pocket. Defendant's jacket was torn open on an outer seam so there was a gap between the liner and the shell, consistent with the area where Mr. Awes-Taylor saw him stuff the meat packages. Defendant did not have any meat when he was detained. Officer Laird advised defendant that they could not find any record of his name, and that usually meant it was a false name. Defendant then gave his true name and date of birth.

3.

**Procedural background**

On April 28, 2017, an information was filed that charged defendant with count 1, second degree robbery (Pen. Code, §211)[1] with the personal use of a deadly or dangerous weapon, a knife (§ 12022, subd. (b)(1)); and count 2, misdemeanor giving false information to a police officer (§ 148.9, subd. (a)); with two prior strike convictions and two prior serious felony enhancements (§ 667, subds. (a), (b)–(i)).

On February 16, 2018, defendant requested to represent himself pursuant to *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*). The court advised defendant of his constitutional rights and noted defendant's jury trial was scheduled to begin on February 20, 2018. The prosecution objected to any continuances. The court found defendant's *Faretta* motion was brought for purposes of delay and stated that it would only grant the motion if defendant was ready for trial.

Defendant withdrew his *Faretta* motion and instead moved to discharge his appointed counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). The court held a hearing and denied the motion.

On February 20, 2018, defendant's jury trial began. On February 21, 2018, the court granted the prosecution's motion to amend the information by interlineation to correct the name of the alleged victim. The court also dismissed count 2.

On March 1, 2018, the jury found defendant guilty of count 1, second degree robbery, and found the personal use enhancement true. On the same day, the court was going to hold the bench trial on the prior conviction allegations. After being advised of his constitutional rights, defendant admitted the prior strikes convictions and serious felony enhancements.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

On March 8, 2019, the court held the sentencing hearing.[2] Defendant requested the court to dismiss the prior strike convictions and prior serious felony enhancements. The court dismissed one prior strike and one enhancement only.

The court imposed the upper term of five years, doubled to 10 years, plus one year for the personal use enhancement and five years for the prior serious felony enhancement, for an aggregate term of 16 years.

The court imposed a restitution fine of $10,000 (§ 1202.4, subd. (b)) and suspended the parole revocation fine in the same amount (§ 1202.45), and left victim restitution open, plus a court operations assessment of $40 (§ 1465.8), and a criminal conviction assessment of $30 (Gov. Code, § 70373).

The court stated that according to the probation report, defendant had been previously employed and did not have any health issues that prevented him from working. Based on that information, the court found he had the financial ability to pay the restitution fine and fees that it was imposing. The court waived the probation report fee of $296 because the other fines and fees "should be paid first and that the length of sentence will limit his ability to earn for a period of time."

On March 11, 2019, defendant filed a timely notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on June 12, 2020, we invited defendant to submit additional briefing.

---

[2] The court granted defendant's numerous requests to continue the sentencing hearing apparently because of the enactment of Senate Bill No. 1393, that amended section 667, subdivision (a) to give the court discretion to strike or dismiss the prior serious felony enhancements, effective January 1, 2019. (*People v. Garcia* (2018) 28 Cal.App.5th 961, 965.)

5.

On June 29, 2020, defendant sent a letter asking this court to relieve his appointed appellate counsel for failing to raise issues. On July 15, 2020, this court denied defendant's motion to discharge appellate counsel, advised him that the filing of a *Wende* brief was not sufficient grounds to do so, and extended the period for defendant to submit his own brief for another 30 days. (See ACCMS)

On April 12, 2021, defendant sent a letter to this court, and asked whether his appeal had been decided and for a copy of the opinion. On April 15, 2021, this court advised defendant his appeal was pending and not been decided. (See ACCMS)

To date, defendant has not submitted additional briefing on any substantive issue.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.